1  Hugo Chavarria
2  1555 Bengal Court
   Palmdale, CA 93551
3  (661) 309-0907
4  Plaintiff, in Pro per
   No Fax
5  No Email
6
7
8
9
10         UNITED STATES DISTRICT COURT
11         CENTRAL DISTRICT OF CALIFORNIA
12
13
14
15  Hugo Chavarria,
16  a male individual
17
    Plaintiffs,
18
19     vs.
20  WELLS FARGO BANK, N.A., d/b/a
21  AMERICA'S SERVICING COMPANY,
    a National Bank Association;
22
23  The Bank of New York Mellon, f/k/a
    The Bank of New York, successor in
24  interest to JPMorgan Chase Bank, N.A.
25  as Trustee for Structured Asset Mortgage
    Investments II inc. Bear Stearns ALT-A
26
27
28



FILED
CLERK, U.S. DISTRICT COURT
MAY – 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PAID
MAY – 6 2015
Clerk, US District Court
COURT 4612

CV 15 - 03403 - BRO(ASx)

Case No.:

COMPLAINT:

1. U.S. CONST. IV, VII, XIV AMENDMENTS;
2. RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT. COLLECTION OF AN UNLAWFUL DEBT 18 U.S.C. SEC. 1962(a)(b)(c)(d);
3. 18 U.S.C. SEC. 472 PASSING COUNTERFEIT OBLIGATIONS;

1

Hugo Chavarria

Complaint

Trust, Mortgage Pass- Through Certificates, Series 2004-6;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Delaware Corporation;

NORTHWEST TRUSTEE SERVICES, INC. a Washington Corporation;

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES;

And any known or unknown persons claiming any right or interest to the subject real property claimed by plaintiff, And Does 1 through 10 inclusive;

Defendants.

4. 18 U.S.C. SEC. 495 UTTERING OR PUBLISHING FALSE WRITING;
5. 18 U.S.C. SEC. 1348 SECURITIES AND COMMODITIES FRAUD, CONTRAVENTION OF POOLING AND SERVICING AGREEMENT DATED JULY 01, 2004 SECURITIES FRAUD. SECURITIES ACT OF 1933 SEC. 17(a)(2) and (3);
6. BREACH OF TRUST, DEED OF TRUST;
7. FRAUDS AND SWINDLES 18 U.S.C. SEC.1341; WIRE FRAUD 18 U.S.C. SEC. 1342;
8. FRAUDULENT FORECLOSURE, SLANDER OF TITLE. California Civil Code Sections. 2923.5 et seq., 2932.5, 2936, 2924a (1)(A), 2934a(a)(4), 1095, 1812.600;
9. QUIET TITLE California Code of Civil Procedure Sections. 405.5, 405.21, 760.030, 760.040, 760.050; 761.010;
10. Injunctive, Declaratory Relief;

Demand for Jury Trial
Federal Rules of Civil Procedure Rule 38;

2

Hugo Chavarria

Complaint

Damages
Judicial Notice Exhibits A through K
Federal Rules of Civil Procedure
201(b)(c)(d),  California Evidence Code
452.

TO: HONORABLE UNITED STATES DISTRICT COURT, CENTRAL

DISTRICT OF CALIFORNIA. Plaintiff, Hugo Chavarria a male individual in

good faith submits facts and evidence Exhibits, and gives for the Honorable United

States District Court, Central District of California take judicial notice of said

documents attached as EXHIBITS, EVIDENCE A THROUGH K under Federal

Rules of Evidence Rule 201(b) (c) (d), California Evidence Code 452 and

California Evidence Code 662.

## **NATURE OF ACTION**

1.       This Action arises out of Defendants', WELLS FARGO BANK, N.A.,

d/b/a AMERICA'S SERVICING COMPANY, a National Bank Association;

The Bank of New York Mellon, f/k/a The Bank of New York, successor in

interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset

Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass-

Through Certificates, Series 2004-6; MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. a Delaware Corporation;

NORTHWEST TRUSTEE SERVICES, INC. a Washington Corporation;

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES  financial

enterprises in which purported a series of false documents in which

slandered, tainted, the land record in misconduct in concert willfully

committed against the real property located at 1555 Bengal Court, Palmdale, CA, 93551 of Plaintiff, Hugo Chavarria. Defendants', are engaged in a pattern of mail fraud, via unlawful fraudulent evidences of debt, recording a trail of fraudulent, void, invalid documents, tainting the land record of Plaintiff, Hugo Chavarria. Said documents consist of recording in the Los Angeles County Recorder's Office the following Series of Documents: Multiple NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, Multiple ASSIGNMENTS OF DEED OF TRUST, Multiple SUBSTITUTION OF TRUSTEE, and Multiple NOTICE OF TRUSTEE'S SALE all these documents are not only deceiving, depriving Plaintiff, Hugo Chavarria these documents are also damaging the County Recorder's Office Registry of Deeds considering the fraudulent conduct of Defendants, causing a slander of title, procured by Defendants, being in the business of Real Estate, Mortgage, and Securities in this action. Plaintiff, Hugo Chavarria is in

## <u>JURISDICTION</u>
## <u>&</u>
## <u>VENUE</u>

2.      Venue is conferred, pursuant to the subject real property of Plaintiff, Hugo Chavarria is in the State of California County of Los Angeles located at 1555 Bengal Court, Palmdale, CA 93551 in boundary of this Honorable United States District Court, Central District of California Western Division Los Angeles.

<div align="center">

4

Hugo Chavarria

Complaint

</div>

3.  Jurisdiction is conferred in this action under the United States Constitution IV, VII, XIV Amendments engaging federal question 28 U.S.C. Sec. 1331 pursuant to the following laws U.S. CONST. IV, VII, XIV AMENDMENTS; RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT. COLLECTION OF AN UNLAWFUL DEBT 18 U.S.C. SEC. 1962(a)(b)(c)(d); 18 U.S.C. SEC. 472 PASSING COUNTERFEIT OBLIGATIONS; 18 U.S.C. SEC. 495 UTTERING OR PUBLISHING FALSE WRITING; 18 U.S.C. SEC. 1348 SECURITIES AND COMMODITIES FRAUD, CONTRAVENTION OF POOLING AND SERVICING AGREEMENT DATED JULY 01, 2004 SECURITIES FRAUD. SECURITIES ACT OF 1933 SEC. 17(a)(2) and (3); BREACH OF TRUST, DEED OF TRUST; FRAUDS AND SWINDLES 18 U.S.C. SEC.1341; WIRE FRAUD 18 U.S.C. SEC. 1342; FRAUDULENT FORECLOSURE, SLANDER OF TITLE. California Civil Code Sections. 2923.5 et seq., 2932.5, 2936, 2924a (1) (A), 2934a (a) (4), 1095, 1812.600; QUIET TITLE California Code of Civil Procedure Sections. 405.5, 405.21, 760.030, 760.040, 760.050; 761.010; Injunctive, Declaratory Relief.

**PLAINTIFF**

4.  At all times relevant herein, Plaintiff, Hugo Chavarria resides in the State of California, County of Los Angeles at his home subject real property engaged in suit, located at 1555 Bengal Court, Palmdale, CA 93551. Plaintiff, Hugo Chavarria at all times real party in interest to his subject real

property. Federal Rules of Civil Procedure Rule 17, California Code of Civil Procedure 367.

## DEFENDANTS

5. At all times relevant herein, Plaintiff, is informed and believes that all Defendants, parties in connection to this action are acting in concert conducting business in the subject of Securities, Mortgage, Banking, Real Estate Title Services in the State of California, County of Los Angeles.

6. Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6. whose address is 383 Madison Avenue New York, NY 10179.

7. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Delaware corporation whose address is 1818 Library Street, Ste 300 Reston, VA 20190

8. Defendant, WELLS FARGO BANK, N.A., d/b/a AMERICA'S SERVICING COMPANY, a National Bank Association, whose address is 3476 Stateview Blvd., Fort Mill, SC 29715.

9. Defendant, NORTHWEST TRUSTEE SERVICES, INC. a Washington Corporation; whose address is 13555 SE 36th Suite 100, Bellevue, WA 98006.

10. Defendant, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES; whose address is P.O. BOX 961253, Fort Worth, TX 76161.

11.     Plaintiff, Hugo Chavarria therefore sues the above mentioned Defendants, including DOES 1 Through 10 inclusive and all known and unknown people, persons claiming any right or interest in the subject real property of Plaintiff, Hugo Chavarria.

12.     Plaintiff, Hugo Chavarria, a real party in interest Federal Rules Civil Procedure Rule: 17, California Code of Civil Procedure 367 and at all times relevant to this complaint, lives in the County of Los Angeles, State of California in the subject real property located at 1555 Bengal Court, Palmdale, CA 93551.

13.     Plaintiff, Hugo Chavarria sues Defendants and Does 1 through 10 inclusive, are responsible in some manner for the occurrences and happenings herein alleged, and that Plaintiff, Hugo Chavarria damages as herein acknowledged, Defendants are sued as principles, directors, agents, partners, servants, employees, and co-conspirators all in concert proceeding in corrupt business practices, whose alleged actions were performed within the course and scope of their authority and employment, and with the knowledge, consent, approval, of said principals, directors and each of them publishing a pattern of fabricated, fraudulent foreclosure documents against the title to the subject real property of this litigation. Defendants', in aid of each other continue with full intent to conduct a fraudulent foreclosure sale to the subject real property of Plaintiff, Hugo Chavarria.

14.     Plaintiff, Hugo Chavarria will respectfully ask leave of court, if necessary, to amend this complaint to show the real parties in interest when the same have been ascertained. Each of these fictitiously named Defendants 1 through 10 inclusive, through its Directors, Agents acting in the capacity of Defendants' in

concert, claim some right, title, estate, lien, or interest in the described real property adverse to Plaintiff, Hugo Chavarria title that each of Defendants', are at all times responsible for the uncivilized manner being criminal conduct willfully committed and that their claims of a series FRAUDULENT DOCUMENT NOTICES PROCURING A FRAUDULENT FINANCIAL INTEREST IN TITLE, RECORDED AGAINST THE SUBJECT REAL PROPERTY NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST;, and each of them, constitute a cloud on Plaintiff, Hugo Chavarria title to his real property subject to this action located at 1555 Bengal Court, Palmdale, CA 93551.

15. Plaintiff, Hugo Chavarria is informed and acknowledges that at all times mentioned herein, Defendants, and each of them, were acting as the agents, servants, and employees of each of the other Defendants and were acting within the course and scope of their agency and employment with the full knowledge and consent, either expressed or implied, of each of the other Defendants.

16. Plaintiff, Hugo Chavarria at all times respectfully request for the Honorable United States District Court, Central District of California take Judicial Notice of all Documents Recorded for the time and date.

## STATEMENT OF FACTS
## AND
## EVIDENCE

17. On April 29, 2004 Plaintiff, Hugo Chavarria received an acknowledged Grant Deed from Jassem Salami and Carolin S. Salami, Husband and Wife as Joint Tenants. The Grant Deed executed and acknowledged by Jassem Salami and Carolin S. Salami Husband and Wife as Joint Tenants, was recorded on May 14, 2004 in the State of California, Los Angeles County Recorder's Office

8

Hugo Chavarria

Complaint

Document Number 041224083 against the subject real property. The Grant Deed entitled Plaintiff, Hugo Chavarria to his home residence subject real property located at 1555 Bengal Court, Palmdale, CA 93551. Including a legal description, the real property in the City of Palmdale, County of Los Angeles, State of California, described as: **Lot 27 of Tract No. 45275, in the City of Palmdale, County of Los Angeles, State of California, as per Map Recorded in Book 1107, Pages 1 to 8 inclusive of Maps, in the Office of the County Recorder of said County. Assessor's Parcel Number 3004-029-026** Please see attached **EXHIBIT A GRANT DEED DOC. NO 041224083 05/14/2004**

18.     On May 12, 2004 Plaintiff, Hugo Chavarria executed a dated May 11, 2004 Promissory Note secured by a Deed of Trust Dated in favor of Defendant, METROCITIES MORTGAGE, LLC as Beneficiary, and Defendant, FIDELITY NATIONAL LOAN PORTFOLIO SOLUTIONS as trustee for the Promissory Note secured by the Deed of Trust was in the amount of $245,600.00. due on June 01, 2034. A second Promissory Note was executed the same date in the amount of $61,400.00 due June 01, 2019 a (15) fifteen year. The Promissory Notes secured by the Deed of Trust were recorded on May 14, 2004 in the State of California, Los Angeles County Recorder's Office Document Numbers 041224084 and 041224085. Please see attached **EXHIBIT B DEED OF TRUST DOC NO. 041224084 and 041224085 05/14/2004**

19.        On January 27, 2005 Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 ,. as of January 26, 2007 Defendant, The Bank of New York Mellon, f/k/a The

Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6, filed in the U.S. Securities and Exchange Commission "Certification and Notice of Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Report under Sections 13 and 15(d) of the Securities Exchange Act of 1934, please see Form 15 Filed please see link displayed. Please see attached **EXHIBIT C 01/27/2005.**

**FORM 15 Certification and Notice of Termination of Registration under section 12(g) of the Securities Exchange Act of 1934.;**

**PROSPECTUS 424B5; POOLING AND SERVICING AGREEMENT DATED JULY 01, 2004; TRUST CLOSING DATE JULY 30, 2004**

**Please see U.S. Securities and Exchange Commission website address:**

Please see filing Detail of said Form 15:

Please see (see all company filings)

http://www.sec.gov/Archives/edgar/data/1296377/0001056404050004 85/sai04006_2004.txt

http://www.sec.gov/Archives/edgar/data/1296377/0001056404050004 85/0001056404-05-000485-index.htm

http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001296377&owner=include&coun t=40&hidefilings=0

http://www.sec.gov/Archives/edgar/data/1299252/0001056404050006 57/bst04006_2004.txt

Hugo Chavarria

Complaint

a. Please see world wide web address in which displays the Prospectus 424B5

http://www.sec.gov/Archives/edgar/data/1243106/000088237704001484/dbartsup.txt

20.    Please see pooling and servicing agreement dated July 01, 2004 world wide web address http://www.sec.gov/Archives/edgar/data/1299252/000088237704001648/d252791.txt

21.    On November 07, 2006 METROCITIES MORTGAGE, LLC, in which whom was the Lender of Plaintiff's, Security Instrument. METROCITES MORTGAGE, LLC; California Finance Lenders License was revoked effective November 07, 2006. Therefore it would be illegal for METROCITIES MORTGAGE, LLC to sell or allow Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. on or after this date. Please attached **EXHIBIT D STATE OF CALIFORNIA DEPARTMENT OF CORPORATIONS ORDER REVOKING CALIFORNIA FINANCE LENDERS LICENSE PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 22107.**

22.    On November 28, 2008 Defendant, AMERICAS SERVICING COMPANY. via its agent John Kennerty in Bad Faith executed a declaration of compliance under oath failed to comply with California Civil Code Sec. 2923.5. On December 02, 2008 Agent Wendy Randall for Defendant, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES executed in bad faith a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST, claiming an amount for $13,003.42 without authorization or power under the Deed of Trust of

11

Hugo Chavarria

Complaint

Plaintiff, Hugo Chavarria Recorded in the State of California, County of Los Angeles on December 04, 2008 Document Number 20082134740.

23.    Defendant, AMERICAS SERVICING COMPANY. failed to execute a valid Declaration of Due Diligence, as required by California Civil Code 2923.5. The Declaration of Due Diligence is a critical element in order to comply with California Civil Code 2923.5 pursuant to California Civil Code 2923.5. The Declaration of Due Diligence fails. The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST fails to comply with California Civil Code 2924(a)(1)(A) considering the facts of the NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST does not display the required Book No. and Page No. of said Deed of Trust of Plaintiff, Hugo Chavarria according to NON-Uniform Provision 22. Acceleration; Remedies. Paragraphs 1 of 3 instructs a proper procedure to be conduct a Notice of Default and Election to Sell Under Deed of Trust . The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST is invalid considering as truth according to failure to comply On December 02, 2008 Agent Wendy Randall for Defendant, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, as trustee acted as a without standing to enforce any right to exercise any of the Provisions found on the Deed of Trust of Plaintiff, Hugo Chavarria, accordingly Defendant, First American Loanstar Trustee Services had no right and was in violation of Provision 24 Substitute Trustee Clause. Defendants, herein in concert tainted the land record and continue to do so without authorization or power under Plaintiff, Hugo Chavarria Deed of Trust. Please see attached **EXHIBIT E NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST DOC. NO. 20082134740 12/04/2008**

<div align="center">

12

Hugo Chavarria

Complaint

</div>

24. At this time by the filing of NOTICE OF DEFAULT AND ELECTION TO SEE UNDER DEED OF TRUST, Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6, had already been terminated according to filing on in U.S. Securities and Exchange Commission Please see link displayed. U.S. Securities and Exchange Commission "Certification and Notice of Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Report under Sections 13 and 15(d) of the Securities Exchange Act of 1934. (see all company filings)

25. As of January 27, 2005 filed in the Securities and Exchange Commission please see Form 15 Filed please see link displayed. filing detail Form 15

26. On November 01, 2011 Shakanda L. Byerr VP of Loan Agent for WELLS FARGO BANK, N.A executed in bad faith a Declaration failure to comply with California Civil Code Sec. 2923.5 et seq. On November 11, 2011 Jody Barreno agent for Defendant, NORTHWEST TRUSTEE SERVICES, INC. executed in bad faith without authorization pursuant to power of the Deed of Trust of Plaintiff, Hugo Chavarria. Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 and Defendant, NORTHWEST TRUSTEE SERVICES, INC. acting as a Debt Collector claimed an amount due of $11,026.12. The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST was

recorded on November 15, 2011 in the State of California, County of Los Angeles Recorder's Office Document Number 20111543256. Please see attached **EXHIBIT F NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST DOC. NO. 20111543256 11/15/2011.**

27. On February 13, 2012 Melissa Myers Agent for Defendant, NORTHWEST TRUSTEE SERVICES, INC. executed in bad faith a NOTICE OF TRUSTEE'S SALE without authorization or compliance with California Civil Code Sections 2923.5 et seq., 2924 et. Seq. 2932.5, 2936, 2929, 1095. The NOTICE OF TRUSTEE'S SALE set sale to the real property of Plaintiff, Hugo Chavarria on March 07, 2012 at 1:00 pm. For the amount of $284,229.71. The NOTICE OF TRUSTEE'S SALE was recorded on February 14, 2012 in the State of California, County of Los Angeles Recorder's Office Document Number 20120248536. Please see attached **EXHIBIT G NOTICE OF TRUSTEE'S SALE DOC. NO. 20120248536 02/14/2012**

28. On March 12, 2013 Sean C. Lindsay VP of Loan Documentation for WELLS FARGO BANK, N.A. in bad faith executed a Declaration of Compliance failure to comply with California Civil Code Sec. 2923.5 et seq. On March 13, 2013 Bosten Striegel agent for Defendant, NORTHWEST TRUSTEE SERVICES, INC. executed in bad faith without authorization or power under deed of trust a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST. The NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST claimed an amount of $30,773.33. Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee

14

Hugo Chavarria

Complaint

for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 and Defendant, NORTHWEST TRUSTEE SERVICES, INC. acted as a debt collector with no valid evidence of debt to make such claim or default. The NOTICE OF TRUSTEE SALE was recorded on March 15, 2013 Document Number 20130396659 in the State of California, County of Los Angeles Recorder's Office. Once again the NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST fails to comply considering the fact that Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 had already filed suspension with the U.S. Securities and Exchange Commission on January 27, 2005  Please see attached **EXHIBIT H NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST DOC. NO. 20130396659 03/15/2013.**

29. On March 15, 2013 Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 authorized Nicole Larson agent for Defendant, NORTHWEST TRUSTEE SERVICES, INC. executed a RESCISSION OF NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST for one note in the amount for $245,600.00. The RESCISSION OF NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST was recorded on

Hugo Chavarria

Complaint

March 19, 2013 in the State of California, County of Los Angeles
Recorder's Office Document Number 20130411518. Please see attached
**EXHIBIT I RESCISSION OF NOTICE OF DEFAULT AND
ELECTION TO SELL UNDER DEED OF TRUST. DOC. NO.
20130411518 03/19/2013**

30. On June 14, 2013 Agent Melissa Myers agent for Defendant,
NORTHWEST TRUSTEE SERVICES, INC. in bad faith with no power or
authorization executed a NOTICE OF TRUSTEE'S SALE setting a sale date
for July 11, 2013 in the amount for $295,119.68 The NOTICE OF
TRUSTEE'S SALE was recorded on June 17, 2013 in the State of
California, County of Los Angeles Recorder's Office Document Number
20130898070. The NOTICE OF DEFAULT AND ELECTION TO SELL
UNDER DEED OF TRUST is invalid a in violation of California Civil Code
2923.5 et. seq., 2924 et. Seq. this NOTICE OF TRUSTEE'S SALE recorded
by Defendant, NORTHWEST TRUSTEE SERVICES, INC. HAS NO
STANDING OR MONETARY INTEREST FOR RECORDING and
tainting the Land Record of Plaintiff, Hugo Chavarria. Please see attached
**EXHIBIT J NOTICE OF TRUSTEE'S SALE DOC. NO. 20130898070.
06/17/2013**

31. On July 08, 2014 Agent Melissa Myers for Defendant, NORTHWEST
TRUSTEE SERVICES, INC. without authorization executed a NOTICE OF
TRUSTEE'S SALE in which was recorded on July 10, 2014 in the State of
California, Los Angeles County Recorder's Office Document No.
20140710444 please see attached **EXHIBIT K NOTICE TRUSTEE'S
SALE DOC. NO. 20140710444. 07/10/2014**

32. At all times all named Defendants, are in violation in Breach of Trust according to have no standing to collect any such debt from Plaintiff, Hugo Chavarria.

33. At all times all Defendants, are in breach and have no standing to give notice or claim any such money, debt due considering violations under UNIFORM COVENANTS 15. NOTICES. As found on Deed of Trust, Security Instrument page 3 of 11.


ALL CAUSES OF ACTION

U.S. CONST. IV, XIV AMENDMENTS; RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT. 18 U.S.C. SEC. 1962(a)(b)(c)(d); 18 U.S.C. SEC. 472 PASSING COUNTERFEIT OBLIGATIONS; 18 U.S.C. SEC. 495 UTTERING OR PUBLISHING FALSE WRITING; CONTRAVENTION OF POOLING AND SERVICING AGREEMENT DATED SECURITIES FRAUD. SECURITIES ACT OF 1933 SEC. 17(a)(2) and (3); BREACH OF TRUST, DEED OF TRUST; MAIL FRAUD 18 U.S.C. SEC.1341; FRAUDULENT FORECLOSURE, SLANDER OF TITLE. California Civil Code Sections. 2923.5 et seq., 2932.5, 2936, 2924a (1)(A), 2934a(a)(4), 1095, 1812.600; QUIET TITLE California Code of Civil Procedure Sections. 405.5, 405.21, 760.030, 760.040, 760.050; 761.010; Injunctive, Declaratory Relief;
AGAINST ALL DEFENDANTS Plaintiff, Hugo Chavarria respectfully submits Exhibits A, B, C, D, E, F, G, H, I, J, K under Judicial Notice Federal Rules of Evidence Rule 201(b)(c)(d), California Evidence Code 452 and 662.

34. The Defendants, established a pattern of racketeering activity via its enterprise electronic devices in which fabricated a series of instruments with

full intent certain debt amounts in which were fraudulent unauthorized foreclosure documents in misrepresentation, concealment of material fact, evidence tamper, in which where recorded against the real property of Plaintiff, Hugo Chavarria.

35. Defendants, Multiple acts of racketeering were committed via the intent to procure a series of unlawful documents to hinder the creditor, the real party in interest from collecting the debt acknowledged by Plaintiff, Hugo Chavarria.

36. The Defendants, intent to procure ownership via acts of racketeering engaged in a collection of unlawful debt.

37. Plaintiff, Hugo Chavarria prays for a declaration that the title to the subject property is vested in Plaintiff, Hugo Chavarria name alone and that Defendant, The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II inc. Bear Stearns ALT-A Trust, Mortgage Pass- Through Certificates, Series 2004-6 and Defendant, and all Defendants herein, an each of them, be declared to have no estate, right, title or interest in the subject real property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff.

38. Plaintiff, Hugo Chavarria prays for Declaratory Relief, Injunctive Relief and a declaration that the title to the subject real property located at 1555 Bengal Court, Palmdale, CA  is vested in the name of Plaintiff, Hugo Chavarria and that the Defendants' herein, an each of them, be declared to

Hugo Chavarria

Complaint

have no estate, right, title or interest in the subject property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject real property adverse to Plaintiff, Hugo Chavarria in good faith seeks justice and respectfully submits his facts and **EXHIBITS A through K** as his evidence under Federal Rules of Evidence Rule 201(b)(c)(d), California Evidence Code Sections 662 and 452 Judicial Notice.

CONCLUSION OF FACT:

Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has assigned sold the Deed of Trust of Plaintiff, multiple times making it impossible to even be assigned to the Securities Trust of BEAR STEARNS 2004-6 considering facts of said Trust being terminated and disclosing a closing date of July 30, 2004. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. along with the other Defendants, in concert have slandered the title to the real property of Plaintiff.

Plaintiff, has an active Trustee Sale for May 06, 2015 at 1:00 p.m. in which Plaintiff, looks forward to be cancelled upon delivering this complaint and summons to all Named Defendants engaged. Plaintiff, Hugo Chavarria demands Justice in the Honorable United States District Court, Central District of California.

19

Hugo Chavarria

Complaint

WHEREFORE PLAINTIFF, HUGO CHAVARRIA SEEKS RELIEF AND PRAYS FOR JUDGMENT AS FOLLOWS:

1. The Honorable United States District Court, Central District of California to issue and order against Defendants, the following documents recorded against the subject real property located at 1555 Bengal Court, Palmdale, CA 93551 to be cancelled *nunc pro tunc* and deemed *void ab initio*:

A. NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST recorded on December 04, 2008 in the Los Angeles County Recorder's Office Document Number 20082134740

B. SUBSTITUTION OF TRUSTEE recorded on January 07, 2009 in the Los Angeles County Recorder's Office Document Number 20090019399.

C. ASSIGNMENT OF DEED OF TRUST recorded on January 28, 2009 in the Los Angeles County Recorder's Office Document Number 20090109944.

D. NOTICE OF TRUSTEE'S SALE recorded on March 06, 2009 in the Los Angeles County Recorder's Office Document Number 20090323657.

E. NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST recorded on November 15, 2011 in the Los Angeles County Recorder's Office Document Number 20111543256.

F. ASSIGNMENT OF DEED OF TRUST recorded on January 19, 2012 in the Los Angeles County Recorder's Office Document Number 20120096113.

G. SUBSTITUTION OF TRUSTEE recorded on February 14, 2012 in the Los Angeles County Recorder's Office Document Number 20120248535.

Hugo Chavarria

Complaint

H. NOTICE OF TRUSTEE'S SALE recorded on February 14, 2012 in the Los Angeles County Recorder's Office Document Number 20120248536.

I. NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST recorded on March 15, 2013 in the Los Angeles County Recorder's Office Document Number 20130396659.

J. RESCISSION OF NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST recorded on March 19, 2013 Document Number 20130411518.

K. NOTICE OF TRUSTEE'S SALE recorded on June 17, 2013 in the Los Angeles County Recorder's Office Document Number 20130898070.

L. NOTICE OF TRUSTEE'S SALE recorded on July 10, 2014 in the Los Angeles County Recorder's Office Document Number 20140710444.

2. Court Order from the United States District Court, Central District of California, a declaration that the title to the subject real property located at 1555 Bengal Court, Palmdale, CA 93551 is vested in the name of Plaintiff, Hugo Chavarria is entitled to intangible damages, treble damages, land damages, future damages, in the amount of $ 2,000,000.00 Lawful Currency of the United States or as the United States District Court, Central District of California may deem as proper.

3. Plaintiff, Hugo Chavarria is entitled to the subject real property located at 1555 Bengal Court, Palmdale, CA 93551 in the State of California, County of Los Angeles Assessor's Parcel Number 3004-029-026 and that the Defendants', Wells Fargo Bank, N.A.,; Mortgage Electronic Registration Systems, Inc.; Northwest Trustee Services, Inc.; herein engaged in concert, each of the Defendants, be declared to have no estate,

21

Hugo Chavarria

Complaint

right, title or interest in the subject real property and that said Defendants' and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject real property located at 1555 Bengal Court, Palmdale, CA 93551.

4. A court order from the United States District Court, Central District of California. Plaintiff, Hugo Chavarria is entitled to quiet title to his real property. Plaintiff's date of determination of this quiet title action is as to be the date of filing of this complaint and a $ 2,000,000.00. Dollars currency in favor of Plaintiff, Hugo Chavarria.

I, Hugo Chavarria under Oath penalty of perjury under laws of the State of California and United States of America certify the foregoing as true and correct.

Hugo Chavarria     9-5-15

Hugo Chavarria
1555 Bengal Court
Palmdale, CA 93551

22

Hugo Chavarria

Complaint

1

2    EXHIBIT A GRANT DEED DOC. NO 041224083 05/14/2004

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

Hugo Chavarria

Complaint

This page is part of your document - DO NOT DISCARD



**04 1224083**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**05/14/04 AT 08:00am**

TITLE(S) :  **DEED**


L E A D   S H E E T

| FEE | | D.T.T |
|---|---|---|
| | FEE $7 LL | 337.70 |

NOTIFICATION SENT-$4

CODE
20

CODE
19

CODE
9____

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.   **Number of AIN's Shown**

3 0 0 4 - 0 2 9 - 0 2 6        0 0 1



**THIS FORM NOT TO BE DUPLICATED**

5/14/04

*Chicago*

RECORDING REQUESTED BY:
Chicago Title

04 1224083

AND WHEN RECORDED MAIL TO:

Hugo Chavarria
1555 Bengal Ct.
Palmdale, CA 93551

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 46091377-H13                                        Escrow No.: 12924-GB

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $337.70**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Palmdale,  AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Jassem Salami and Carolin S. Salami, Husband and Wife as Joint Tenants**

hereby GRANT(s) to:

**Hugo Chavarria, a single man**

the real property in the City of Palmdale, County of Los Angeles, State of California, described as:

Lot 27 of Tract No. 45275, in the City of Palmdale, County of Los Angeles, State of California, as per Map recorded in Book 1107, Pages 1 to 8 inclusive of Maps, in the Office of the County Recorder of said County.
Also Known as: 1555 Bengal Ct., Palmdale, CA 93551
A.P. # 3004-029-026

DATED April 20, 2004
STATE OF CALIFORNIA,
COUNTY OF _Los Angeles_
On _April 29, 2004_                            Jassem Salami
Before me, _Jennifer Hazard Notary Public_   Carolin S. Salami
A Notary Public in and for said State, personally appeared
_Carolin S. Salami & Jassem Salami_

Personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.
WITNESS my hand and official seal.

JENNIFER HAZARD
Comm. # 1407455
NOTARY PUBLIC - CALIFORNIA
Los Angeles County
My Comm. Expires March 27, 2007

Signature _____        (This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

46091377- H13

EXHIBIT B DEED OF TRUST DOC NO. 041224084 and 041224085 05/14/2004

24

Hugo Chavarria

Complaint

This page is part of your document - DO NOT DISCARD

04 1224084

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**05/14/04 AT 08:00am**

**TITLE(S) :**

L E A D    S H E E T

FEE                                                    D.T.T

FEE $ ~~58 LL~~ 18

NOTIFICATION SENT-$4 ©

CODE
20        D.A. FEE Code 20       $ 2.00

CODE
19

CODE
9

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**        **Number of AIN's Shown**

THIS FORM NOT TO BE DUPLICATED

5/14/04

04 1224084

*Chicago*

**WHEN RECORDED RETURN TO:**
**METROCITIES MORTGAGE, LLC**
**ATTN· DOCUMENT CONTROL**
**15301 VENTURA BLVD  SUITE D300**
**SHERMAN OAKS, CALIFORNIA 91403**

**MERS MIN NO  100034200001902208**

[Space Above This Line For Recording Data]

# DEED OF TRUST

**LOAN NO 21017137**

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are also provided in Section 16

(A)  "**Security Instrument**" means this document, which is dated **MAY  11, 2004**                    , together with all Riders to this document
(B)  "**Borrower**" is
     **HUGO CHAVARRIA, A SINGLE MAN**

Borrower is the trustor under this Security Instrument
(C)  "**Lender**" is
**METROCITIES MORTGAGE, LLC**
Lender is a **LIMITED LIABILITY COMPANY**
organized and existing under the laws of        **DELAWARE**
Lender's address is   **15301 VENTURA BLVD.  SUITE D300, SHERMAN OAKS, CA 91403**
Lender is the beneficiary under this Security Instrument
(D)  "**Trustee**" is **FIDELITY NATIONAL LOAN PORTFOLIO SOLUTIONS, A CALIFORNIA CORPORATION**
(E)  "**MERS**" is Mortgage Electronic Registration Systems, Inc  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns  MERS is the beneficiary under this Security Instrument  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O  Box 2026, Flint, Michigan 48501-2026, tel  (888)679-MERS
(F)  "**Note**" means the promissory note signed by Borrower and dated **MAY  11, 2004**
The Note states that Borrower owes Lender
**TWO HUNDRED FORTY-FIVE THOUSAND SIX HUNDRED AND 00/100**
  Dollars   (U S  $ **245,600.00**            ) plus interest  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **JUNE  1, 2034**
(G)  "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property "
(H)  "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest
(I)  "**Riders**" means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]

| | | |
|---|---|---|
| [X]  Adjustable Rate Rider | [ ]  Condominium Rider | [ ]  Second Home Rider |
| [ ]  Balloon Rider | [ ]  Planned Unit Development Rider | [ ]  Biweekly Payment Rider |
| [X]  Other(s) [specify] | [ ]  1-4 Family Rider | [X]  Prepayment Penalty Rider |

   **LEGAL DESCRIPTION ATTACHED; ADDENDUM TO ADJUSTABLE RATE RIDER
   INTEREST ONLY ADDENDUM TO ADJUSTABLE RATE RIDER**

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM ISTRUMENT
MERSDEED                                    Page 1 of  11                                    Form 3005  1/01

4600 91377-##B H13

5/14/04

Loan No. 21017137

(J) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effe ... law) as well as all applicable final, non-appealable judicial opinions

(K) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization

(L) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

(M) **"Escrow Items"** means those items that are described in Section 3

(N) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

(O) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan

(P) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

(Q) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U S C Section 2601 et seq ) and its implementing regulation, Regulation X (24 C F R Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

(R) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS This Secu ... instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications or the Note, and (ii)the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **COUNTY** of
**LOS ANGELES**                                                    [Type of Recording Jurisdiction]
     [Name of Recording Jurisdiction]

**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

which currently has the address of **1555 BENGAL COURT**
                                                    [Street]
**PALMDALE**                                  , California    **93551**
     [City]                                               [Zip Code] [Property Address]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property " Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM ISTRUMENT                    Form 3005 1/01
MERSDEED                                    Page 2 of 11        **04  1224084**

5/14/04

Loan No. 21017137

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows
**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note  Borrower shall also pay funds for Escrow Items pursuant to Section 3  Payments due under the Note and this Security Instrument shall be made in U S  currency  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender  (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer
Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15  Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current  Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted  If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument
**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority  (a) interest due under the Note, (b) principal due under the Note, (c) amounts due under Section 3  Such payments shall be applied to each Periodic Payment in the order in which it became due  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note
If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge  If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due  Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note
Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments
**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for  (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property, (b) leasehold payments or ground rents on the Property, if any, (c) premiums for any and all insurance required by Lender under Section 5, and (d) Mortgage insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10  These items are called "Escrow Items "  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time  Any such waiver may only be in writing  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require  Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM ISTRUMENT
MERSDEED                                        Page 3 of 11                                        Form 3005 1/01

04 1224084

5/14/04

Loan No. 21017137

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA   Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds   Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds   Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA   If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments   If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any   To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3

Borrower shall promptly discharge any lie . ...nch has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement, (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument   If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien   Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan

**5  Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance   This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires   What Lender requires pursuant to the preceding sentences can change during the term of the Loan   The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably   Lender may require Borrower to pay, in connection with this Loan, either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification   Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense   Lender is under no obligation to purchase any particular type or amount of coverage   Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect   Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained   Any amounts disbursed by Lender under this Section 5 shall become additional debt of ʳ ...ower secured by this Security Instrument   These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERSDEED                                    Page 4 of 11                                    Form 3005 1/01

**04  1224084**

5/14/04

Loan No. 21017137



All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance  Lender shall have the right to hold the policies and renewal certificates  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices  If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower  Such insurance proceeds shall be applied in the order provided for in Section 2

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim  The 30-day period will begin when the notice is given  In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due

6.  **Occupancy.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control

7.  **Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration

Lender or its agent may make reasonable entries upon and inspections of the Property  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause

8.  **Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERSDEED                                                    Page 5 of 11                                    Form 3005 1/01

**04  1224084**

5/14/04

Loan No. 21017137

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERSDEED                                    Page 6 of 11                            Form 3005 1/01

**04 1224084**

5/14/04

Loan Number 21017137

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds, Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value Any balance shall be paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy

04  1224084

5/14/04

Loan Number 21017137

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer") (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERSDIXD　　　　　　　　　　　　　　　　　Page 8 of 11　　　　　　　　　　　　　　　　Form 3005 1/01

04  1224084

5/14/04

Loan Number 21017137

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**19.  Borrower's Right to Reinstate After Acceleration.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of  (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument, (b ) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate, or (c) entry of a judgment enforcing this Security Instrument  Those conditions are that Borrower  (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements, (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged  Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender  (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity, or (d) Electronic Funds Transfer  Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred  However, this right to reinstate shall not apply in the case of acceleration under Section 18

**20.  Sale of Note; Change of Loan Servicer; Notice of Grievance.**  The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower  A sale might result in a change in the entity (known as the "Loan Servicer") that collects  Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law  There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note  If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing  If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action  If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph  The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20

**21.  Hazardous Substances.**  As used in this Section 21  (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials, (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection, (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law, and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property  Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products)

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERSDEED                                    Page 9 of 11          **04  1224084**          Form 3005  1/01

5/14/04
Loan Number 21017137

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law Nothing herein shall create any obligation on Lender for an Environmental Cleanup

NON-UNIFORM COVENANTS  Borrower and Lender further covenant and agree as follows

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement .. this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee  Trustee shall ... :onvey the Property without warranty to the person or persons legally entitled to it  Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law  If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located  The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law  This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

04 1224084

5/14/04

Loan Number 21017137

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it

Witnesses

*Hugo Chavarria* _____ (Seal)
**HUGO CHAVARRIA**                  Borrower

_____ (Seal)
                                  Borrower

*//* _____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

[Space Below This Line Reserved For Acknowledgement]

STATE OF California )
                    ) ss
COUNTY OF Los Angeles )

On 5/18th, 20 04, before me, Jennifer Hazard
   Date    Year                  Name, Title of Officer

personally appeared Hugo Chavarria
                    NAME(S) OF SIGNER(S)

☐ personally known to me        -OR-        ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

JENNIFER HAZARD
Comm. # 1407455
NOTARY PUBLIC CALIFORNIA
Los Angeles County
My Comm. Expires March 27, 2007

WITNESS my hand and official seal

_____
        Signature of Notary

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM ISTRUMENT
MERSDEED                          Page 11 of 11                    Form 3005 1/01

04 1224084

5/14/04.

## LEGAL DESCRIPTION

LOT 27 OF TRACT NO. 45275, IN THE CITY OF PALMDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1107, PAGES 1 TO 8 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.



EXCEPT THEREFROM ALL OIL, GAS OR OTHER HYDROCARBON SUBSTANCES AND MINERALS OF ALL KINDS LYING BELOW 500 FEET FROM THE SURFACE OF THE PROPERTY WITH NO RIGHT OF SURFACE ENTRY AS RESERVED BY IDA S. ORDIN, SUCCESSOR TRUSTEE OF THE TRUST KNOWN AS PHILIP ORDIN PROPERTIES UNDER TRUST AGREEMENT DATED DECEMBER 20, 1971, AS RECORDED JULY 30, 1986, AS INSTRUMENT NO. 86-963903, OFFICIAL RECORDS.

04 1224084

MERS MIN 100034200001902208

5/14/04

LOAN NO. 21017137

# ADJUSTABLE RATE RIDER
## (LIBOR Six-Month Index (As Published In *The Wall Street Journal*)-Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this **11TH** day of **MAY, 2004**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to **METROCITIES MORTGAGE, LLC** ("Lender") of the same date and covering the property described in the Security Instrument and located at

**1555 BENGAL COURT**
**PALMDALE, CA 93551**

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMIT... THE AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of **5.875** % The Note provides for changes in the interest rate and the monthly payments, as follows

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the **1ST**. day of **JUNE 1, 2009**, and on that day every **6** month thereafter Each date on which my interest rate could change is called a "Change Date"
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index The "Index" is the average of interbank offered rates for six month U S dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal* The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index"
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information The Note Holder will give me notice of this choice
(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding
**TWO AND ONE QUARTER** percentage points ( **2.250** %) to the Current Index The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0 125%) Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN THE WALL STREET JOURNAL)
Single Family--Fannie Mae MODIFIED INSTRUMENT
FORM 3138 1/01          PAGE 1 OF 3

**04 1224084**

5/14/04

LOAN NO. 21017137

15

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments  The result of this calculation will be the new amount of my monthly payment

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **10.875** % or less than **2.250** %  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **ONE AND 00/100** percentage points ( **1.000** %) from the rate of interest I have been paying for the preceding **6** months  My interest rate will never be greater than **10.875** %

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice

**B.  TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows

**Transfer of the Property or a Beneficial Interest in Borrower**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law  Lender also shall not exercise this option if  (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption  Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument  Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing

MULTISTATE ADJUSTABLE RATE RIDER–LIBOR SIX MONTH INDEX
(AS PUBLISHED IN THE WALL STREET JOURNAL)
Single Family –Fannie Mae MODIFIED INSTRUMENT
FORM 3138 1/01                                          Page 2 of 3

**04 1224084**

5/14/04

LOAN NO. 21017137

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider

_Hugo Chavarria_  5-12-04
Borrower          Date            Borrower                        Date
HUGO CHAVARRIA

Borrower          Date            Borrower                        Date

Borrower          Date            Borrower                        Date

Borrower          Date            Borrower                        Date

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX MONTH INDEX
(AS PUBLISHED IN THE WALL STREET JOURNAL)
Single Family--Fannie Mae MODIFIED INSTRUMENT
Form 3138                          Page 3 of 3            04  1224084

MERS MIN 100034200001902208                    5/14/04            LOAN NO. 21017137

## INTEREST-ONLY ADDENDUM
## TO ADJUSTABLE RATE RIDER

**PROPERTY ADDRESS:**
**1555 BENGAL COURT**
**PALMDALE, CA 93551**

**THIS ADDENDUM** is made this 11TH    day of   **MAY, 2004**              , and is incorporated into and intended to form a part of the Adjustable Rate Rider (the "Rider") dated the same date as this Addendum executed by the undersigned and payable to
METROCITIES MORTGAGE, LLC
(the Lender)

**THIS ADDENDUM** supersedes Sections 4(C) of the Rider None of the other provisions of the Note are changed by the Addendum

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding

TWO AND ONE QUARTER                          percentage point(s) (   2.250       %)
to the Current Index for such Change Date The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0 125%) Subject to the limits stated in Section 4(D), this rounded amount will be my new interest rate until the next Change Date

During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during such period If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for the subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note The result of this calculation will be the new amount of my monthly payment After the end of the Interest-Only Period, my payment amount will not be reduced due to voluntary prepayments

*Hugo Chavarria* 5-12-04
Borrower                                 Date        Borrower                              Date
HUGO CHAVARRIA

_____          _____       _____      _____
Borrower                                 Date        Borrower                              Date

_____          _____       _____      _____
Borrower                                 Date        Borrower                              Date

_____          _____       _____      _____
Borrower                                 Date        Borrower                              Date

INTEREST-ONLY ADDENDUM TO ADJUSTABLE RATE RIDER
FORM 603F 1-01

**04 1224084**

5/14/04

LOAN NO. 21017137



# ADDENDUM TO ADJUSTABLE RATE RIDER

This addendum is made **MAY 11, 2004**                        and is incorporated into and deemed to amend and supplement the
Adjustable Rate Rider of the same date

The property covered by this addendum is described in the Security Instrument and located at
**1555 BENGAL COURT
PALMDALE, CA 93551**

## AMENDED PROVISIONS
In addition to the provisions and agreements made in the Security Instrument, I/we further covenant and agree as follows

### ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
**Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than **10.875**     % or less than
**2.250%** Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than
**ONE AND 00/100**                        percentage point(s) (**1.000** %) from the rate of interest I
have been paying for the preceding six (6) months My interest rate will never be greater than **10.875**     % My interest rate
will never be less than **2.250** %

## TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property"
means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond
for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower
at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural
person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require
immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if
such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not
less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured
by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any
remedies permitted by this Security Instrument without further notice or demand on Borrower

In Witness Thereof, Trustor has executed this addendum

Witness

*Hugo Chavarria*                    5-12-04
Borrower Signature                    Date          Borrower Signature                    Date
**HUGO CHAVARRIA**

_____                          _____
Borrower Signature                    Date          Borrower Signature                    Date

_____                          _____
Borrower Signature                    Date          Borrower Signature                    Date

_____                          _____
Borrower Signature                    Date          Borrower Signature                    Date

1202 LIBOR Addendum to Rider
1/01

# 04 1224084

5/14/04

Loan Number: 21017137

# PREPAYMENT RIDER
### (Multi-State)

This Prepayment Rider is made this day of MAY 11, 2004      and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to METROCITIES MORTGAGE, LLC
(the "Lender") of the same date and covering the property described in the Security Instrument and located at
1555 BENGAL COURT
PALMDALE, CA. 93551

(the "Property")

Additional Covenants Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows

Borrower has the right to make payments of principal at any time before they are due A payment of principal only is known as a "prepayment " A "full prepayment" is the prepayment of the entire unpaid principal due under the Note A payment of only part of the unpaid principal is known as a "partial prepayment "

If, within the **36** month(s) period beginning with the date Borrower executes the Note (the "**Penalty Period**"), Borrower makes a full prepayment, or partial prepayment in any twelve (12)-month period that exceeds 20% of the original principal loan amount, Borrower will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the amount of interest that would accrue during a six (6)-month period on the amount prepaid that exceeds 20% of the original principal balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first **0** months(s) of the term of the Note, no prepayment penalty will be assessed In that event, Borrower agrees to provide the Note Holder with evidence acceptable to the Note Holder of such sale

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider

_Hugo Chavarria_
Borrower
HUGO CHAVARRIA

_____
Borrower

_____
Borrower

_____
Borrower

_____
Borrower

_____
Borrower

_____
Borrower

PREPAYMENT RIDER
60392 MULTI-STATE 11/15/99

04 1224084

1

2   EXHIBIT C 01/27/2005. FORM 15 Certification and Notice of Termination of

3   Registration under section 12(g) of the Securities Exchange Act of 1934.;

4   PROSPECTUS 424B5; POOLING AND SERVICING AGREEMENT DATED

5   JULY 01, 2004; TRUST CLOSING DATE JULY 30, 2004

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">25</div>

<div align="center">Hugo Chavarria</div>

<div align="center">Complaint</div>

```
<DOCUMENT>
<TYPE>15-15D
<SEQUENCE>1
<FILENAME>sai04006_2004.txt
<TEXT>
```

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

FORM 15

Certification and Notice of Termination of Registration under Section
12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to
File Reports under Sections 13 and 15(d) of the Securities Exchange Act
of 1934.

Commission File Number:  333-115858-04

  Structured Asset Investment Loan Trust
  Mortgage Pass-Through Certificates,
  Series 2004-6  Trust

(Exact name of Registrant as specified in its charter)

  c/o Wells Fargo Bank, N.A.,
  9062 Old Annapolis Road
  Columbia, MD 21045
  (410) 884-2000

   (Address, including zip code, and telephone number, including area code,
   of Registrant's principal executive offices)

1-A1

2-A1

2-A2

A3

A-SIO

B

M-1

M-2

M-3

M-4

M-5

M-6

P

X

(Title of each class of securities covered by this Form)

   None

(Titles of all other classes of securities for which a duty to file
reports under Section 13(a) or 15(d) remains)

Please place an X in the box(es) to designate the appropriate rule
provision(s) relied upon to terminate or suspend the duty to file reports:

| Rule 12g-4(a)(1)(i) | / / |
|---|---|
| Rule 12g-4(a)(1)(ii) | / / |
| Rule 12g-4(a)(2)(i) | / / |
| Rule 12g-4(a)(2)(ii) | / / |
| Rule 15d-6 | /X/ |
| Rule 12h-3(b)(1)(i) | /X/ |
| Rule 12h-3(b)(1)(ii) | / / |
| Rule 12h-3(b)(2)(i) | / / |
| Rule 12h-3(b)(2)(ii) | / / |

Approximate number of holders of record as of the certification or notice
date:
                    Less than 300 Holders

Pursuant to the requirements of the Securities Exchange Act of 1934,

   Structured Asset Investment Loan Trust
   Mortgage Pass-Through Certificates,
   Series 2004-6  Trust

has caused this certification/notice to be signed on its behalf by the
undersigned duly authorized person.

Date: 01/26/2005
By: /s/ Beth Belfield, Assistant Vice President


Instruction: This form is required by Rules 12g-4, 12h-3 and 15d-6 of
the General Rules and Regulations under the Securities Exchange Act of
1934. The Registrant shall file with the Commission three copies of
Form 15, one of which shall be manually signed. It may be signed by an
officer of the Registrant, by counsel or by any other duly authorized
person. The name and title of the person signing the form shall be
typed or printed under the signature.


&lt;/TEXT&gt;
&lt;/DOCUMENT&gt;

```
<DOCUMENT>
<TYPE>424B5
<SEQUENCE>1
<FILENAME>dbartsup.txt
<DESCRIPTION>STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.
<TEXT>
```

Prospectus Supplement dated July 28, 2004 (to prospectus dated May 14, 2004)

$733,545,100
(Approximate)

Bear Stearns ARM Trust 2004-6
Issuer

Wells Fargo Bank, National Association
Master Servicer

Structured Asset Mortgage Investments II Inc.
Depositor

Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-6

-------------------------------------------------------------------------------

You should consider carefully the risk factors beginning on page S-12 in this prospectus supplement.

-------------------------------------------------------------------------------

The Trust

The trust will consist primarily of a pool of adjustable rate mortgage loans secured by first liens on one- to four-family residential properties, divided into three loan groups. The trust will be represented by thirteen classes of certificates, ten of which are offered under this prospectus supplement.

Credit Enhancement

o    the offered certificates will have credit enhancement in the form of subordination.

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or passed upon the adequacy of this prospectus. Any representation to the contrary is a criminal offense.

The Attorney General of the state of New York has not passed on or endorsed the merits of this offering. Any representation to the contrary is unlawful.

The price to investors will vary from time to time and will be determined at the time of sale. The proceeds to the depositor from the offering are expected to be approximately 100.4% of the aggregate principal amount of the offered

certificates, plus accrued interest thereon, less expenses which are estimated
to be $475,000. See "Method of Distribution" in this prospectus supplement.

Bear, Stearns & Co. Inc.
Underwriter

<PAGE>

Important notice about information presented in this prospectus supplement
and the accompanying prospectus

You should rely only on the information contained in this document. We have not
authorized anyone to provide you with different information.

We provide information to you about the offered certificates in two separate
documents that progressively provide more detail:

o     the accompanying prospectus, which provides general information, some of

      which may not apply to this series of certificates; and

o     this prospectus supplement, which describes the specific terms of this
      series of certificates.

If the description of your certificates in this prospectus supplement differs
from the related description in the prospectus, you should rely on the
information in this prospectus supplement.

The Depositor's principal offices are located at 383 Madison Avenue, New York,
New York 10179 and its phone number is (212) 272-2000.


S-2

<PAGE>

TABLE OF CONTENTS

PROSPECTUS SUPPLEMENT

Caption
Page
-------                                                                    --
--
SUMMARY OF PROSPECTUS

SUPPLEMENT.............................................................S-4
RISK FACTORS..........................................................S-
12
THE MORTGAGE POOL.....................................................S-
19
        General.......................................................S-
19
        Special Characteristics of the Mortgage

Loans...................................................S-20

    Indices on the Mortgage Loans...........................S-20

THE MASTER SERVICER AND THE SERVICERS...............................S-21

    General.................................................S-21

    The Master Servicer.....................................S-22

    The Servicers...........................................S-22

    Countrywide Servicing...................................S-22

    National City...........................................S-25

MORTGAGE LOAN ORIGINATION...............................S-25

    General.................................................S-25

    Countrywide Home Loans..................................S-26

    National City...........................................S-29

ADDITIONAL INFORMATION..................................S-31

DESCRIPTION OF THE CERTIFICATES.........................S-32

    General.................................................S-32

    Book-Entry Certificates.................................S-33

    Distributions on the Certificates.......................S-35

    Interest Distributions..................................S-37

    Principal Distributions on the Senior Certificates......S-39

    Principal Distributions on the Subordinate Certificates...S-41

    Monthly Advances........................................S-42

    Allocation of Losses; Subordination.....................S-42

    Restrictions on Transfer of the Residual Certificates...S-44

YIELD ON THE CERTIFICATES...............................S-44

    General.................................................S-44

    Prepayment Considerations...............................S-45

Allocation of Principal Prepayments.................................S-46

Interest Shortfalls and Realized Losses............................S-46

Pass-Through Rates.................................................S-47

Assumed Final Distribution Date....................................S-47

Weighted Average Life..............................................S-48

Yield Sensitivity Of The Subordinate
        Certificates...............................................S-54

Additional Yield Considerations
        Applicable Solely To The Residual
        Certificates...............................................S-54

POOLING AND SERVICING AGREEMENT....................................S-54

        General....................................................S-54

Assignment of the Mortgage Loans...................................S-55

Representations and Warranties.....................................S-55

The Trustee........................................................S-56

The Securities Administrator.......................................S-56

Servicing and Other Compensation and
        Payment of Expenses........................................S-57

Realization Upon Defaulted Mortgage
        Loans......................................................S-57

Optional Purchase of Defaulted Loans...............................S-58

The Protected Accounts.............................................S-58

The Master Servicer Collection Account.............................S-58

The Distribution Account...........................................S-58

Voting Rights......................................................S-59

Termination........................................................S-59

FEDERAL INCOME TAX CONSEQUENCES....................................S-60

        General....................................................S-60

Special Tax Considerations Applicable
        to Residual Certificates...................................S-61

METHOD OF DISTRIBUTION.............................................S-63

SECONDARY MARKET...........................................................S-64

LEGAL OPINIONS.............................................................S-64

RATINGS ..................................................................S-64

LEGAL INVESTMENT..........................................................S-65

ERISA CONSIDERATIONS......................................................S-66

GLOSSARY..................................................................S-68

ANNEX I
.........................................................................AX-1

CERTAIN CHARACTERISTICS OF THE
      MORTGAGE
LOANS.....................................................................A-1

S-3

<PAGE>

-----------------------------------------------------------------------------

## SUMMARY OF PROSPECTUS SUPPLEMENT

The following summary is a very broad overview of the offered certificates
and does not contain all of the information that you should consider in making
your investment decision. To understand all of the terms of the offered
certificates, read carefully this entire prospectus supplement and the entire
accompanying prospectus. A glossary is included at the end of this prospectus
supplement. Capitalized terms used but not defined in the glossary at the end of
this prospectus supplement have the meanings assigned to them in the glossary at
the end of the prospectus.

| | |
|---|---|
| Issuer or Trust............. | Bear Stearns ARM Trust 2004-6. |
| Title of Series............. | Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-6. |
| Cut-off Date................ | July 1, 2004. |
| Closing Date................ | On or about July 30, 2004. |
| Depositor................... | Structured Asset Mortgage Investments II Inc. |
| Seller...................... | EMC Mortgage Corporation, an affiliate of the depositor and the underwriter. |
| Master Servicer............. | Wells Fargo Bank, National Association. |

```
Servicers...................    Countrywide Home Loans Servicing LP,
                               EverHome Mortgage Company and National
City
                               Mortgage Co.

Trustee.....................    U.S. Bank National Association.

Securities Administrator....    Wells Fargo Bank, National Association.

Distribution Dates..........    Distributions on the offered certificates
                               will be made on the 25th day of each
month,
                               or, if such day is not a business day, on
                               the next succeeding business day,
beginning
                               in August 2004.

Offered Certificates........    The classes of offered certificates and
                               their pass-through rates and current
                               principal amounts are set forth in the
table
                               below.
```

--------------------------------------------------------------------------------
---

S-4

1

2 EXHIBIT D STATE OF CALIFORNIA DEPARTMENT OF CORPORATIONS

3 ORDER REVOKING CALIFORNIA FINANCE LENDERS LICENSE

4 PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 22107.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

26

Hugo Chavarria

Complaint

</div>

STATE OF CALIFORNIA
DEPARTMENT OF CORPORATIONS
ORDER

In the matter of

NO RED TAPE MORTGAGE
(METROCITIES MORTGAGE, LLC, DBA)
15301 VENTURA BOULEVARD, SUITE
D300
SHERMAN OAKS, CA 91403
Respondent

License under the
California Finance Lenders Law

) REVOKING CALIFORNIA FINANCE LENDERS LICENSE
)               PURSUANT TO SECTION 22107
)                      FINANCIAL CODE


)                      File No. 6039245
)
)
)

The Commissioner finds that the annual assessment as required by Section 22107 of the Finance Code has not been filed, although notification to the Respondent to pay the assessment was duly sent on or about August 18, 2006.

THEREFORE, GOOD CAUSE APPEARING, Respondent's California Finance Lenders License is revoked effective November 7, 2006 pursuant to Section 22107 of the Financial Code, unless the annual assessment is received in good funds by the Department of Corporations Accounting Office located on **1515 K. Street, Suite 200, Sacramento, California 95814,** no later than the close of business on November 6, 2006. On the effective date of this Revocation Order, if the annual assessment has not been paid, you are hereby ordered and directed to discontinue the making or brokering of any loan made pursuant to the California Finance Lenders Law. You are also ordered and directed to discontinue all activity conducted pursuant to Section 22340 and Section 22600 of the Financial Code within 60 days of the effective date of this Order.

This ORDER is to remain in full force and effect until the further written order of the Commissioner of Corporations.

Section 22107 (d) of the Financial Code provides as follows:

> If a licensee fails to pay the assessment on or before the 30th day of June following the day upon which payment is due, the commissioner may by order summarily suspend or revoke the certificate issued to the licensee. If, after an order is made, a request for hearing is filed in writing within 30 days, and a hearing is not held within 60 days thereafter, the order is deemed rescinded as of its effective date. During any period when its certificate is revoked or suspended, a licensee shall not conduct business pursuant to this division except as may be permitted by order of the commissioner. However, the revocation, suspension or surrender of a certificate shall not affect the powers of the commissioner as provided in this division.

Dated:        Los Angeles, California
              October 13, 2006

Effective:    November 7, 2006

PRESTON DUFAUCHARD
California Corporations Commissioner


By_____
PATRICIA R. SPEIGHT
Special Administrator
California Finance Lenders Law

1

2 EXHIBIT E NOTICE OF DEFAULT AND ELECTION TO SELL UNDER

3 DEED OF TRUST DOC. NO. 20082134740 12/04/2008

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

Hugo Chavarria

Complaint

**This page is part of your document - DO NOT DISCARD**



# 20082134740



**Pages: 0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County, California**

**12/04/08 AT 08:00AM**

| | |
|---|---|
| FEES: | 16.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 16.00 |

## TITLE(S) : NOTICE DEFAULT



**L E A D S H E E T**



200812040130008

001124074

**SEQ: 04**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

12/04/2008

*20082134740*

2

Recording Requested By:
**FIRST AMERICAN TITLE INSURANCE COMPANY**

When Recorded Mail To:
**FIRST AMERICAN LOANSTAR TRUSTEE SERVI**
**P.O. BOX 961253**
**FORT WORTH, TX 76161**

3926403

TS No.:        20089134005151
VA/FHA/PMI No ·

Space above this line for Recorder's use only

Pursuant to California Code Section 2924c(b)(1) please be advised of the following:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$13,003.42 as of 12/2/2008**, and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your benficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**AMERICA'S SERVICING COMPANY**
**c/o FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
**P.O. BOX 961253**
**FORT WORTH, TX 76161**
**877-276-1894**

[Page 1 of 2]

4

TS No.:          20089134005151
VA/FHA/PMI No.:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

### Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES** As Agent for the current beneficiary under a Deed of Trust dated **5/11/2004**, executed by:

### HUGO CHAVARRIA,

as Trustor to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR METROCITIES MORTGAGE, LLC** as Beneficiary, recorded **5/14/2004**, (as Instrument No.) **04 1224084**, (in Book) , (Page) of Official Records in the Office of the Recorder of **LOS ANGELES** County, CALIFORNIA describing land therein as:

### AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$245,600.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 07/01/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES ASSESSMENTS, FEES, AND/OR TRUSTEE FEES.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated  **December 02, 2008**

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
AS AGENT FOR THE CURRENT BENEFICIARY
By: FIRST AMERICAN TITLE INSURANCE COMPANY**
as Attorney-In-Fact

By.  _Wendy Randall_ (signature)
          **WENDY RANDALL**

Name: _____

Title: _____

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

[Page 2 of 2]

# NOTICE OF DEFAULT DECLARATION
## PURSUANT TO CALIFORNIA CIVIL CODE 2923.5

America's Servicing Company
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower: HUGO CHAVARRIA
Property Address: 1555 BENGAL COURT
                  PALMDALE      CA  93551

The undersigned mortgagee, beneficiary, or their authorized agent (collectively, the "Beneficiary") represent and declares that the requirements of CA Civil Code 2923.5 have been met. This Declaration is required for any residential owner occupied property in which the loan was originated between January 1, 2003 and December 31, 2007. Non-owner occupied and vacant properties are exempt from the requirements of CA Civil Code 2923.5.

One of the below necessary requirements was met by the Beneficiary:

* The Beneficiary has made contact with the borrower pursuant to CA Civil Code 2923(a)(2). Contact with the borrower was made in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

* Due Diligence to contact the borrower was exercised pursuant to CA Civil Code 2923.5(g)(2) by the Beneficiary.

* The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, Trustee, beneficiary, or authorized agent pursuant to CA Civil Code 2923.5(h)(1).

* The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to CA Civil Code 2923.5(h)(2).

* The borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to CA Civil Code 2923.5(h)(3).

Dated:  11/28/2008

America's Servicing Company

John Kennerty

1

2  EXHIBIT F NOTICE OF DEFAULT AND ELECTION TO SELL UNDER

3  DEED OF TRUST DOC. NO. 20111543256 11/15/2011.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hugo Chavarria
Complaint

**This page is part of your document - DO NOT DISCARD**



# 20111543256



**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**11/15/11 AT 08:00AM**

Pages:
0004

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**LEADSHEET**



201111150200032

00004947835



003619800

**SEQ:
21**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

t35

Recording requested by:

11/15/2011

*20111543256*

When recorded mail to:
NORTHWEST TRUSTEE SERVICES, INC.
1241 E. Dyer Road, Suite 250
Santa Ana, CA  92705
APN 3004-029-026

File No. 7777.17202
Property:1555 BENGAL COURTPALMDALECA

MIN No. 100034200001902208    1105 18717

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.**   You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is **$11,026.12 as of 11/11/11**, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, fka The Bank of New York as Successor in Interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2004-6, Mortgage Pass-Through Certificates, Series 2004-6**
**C/O Northwest Trustee Services, Inc.**
**1241 E. Dyer Road, Suite 250 Santa Ana, CA 92705**

Telephone (714) 277-4888
Reinstatement and Pay-Off Request Line (866) 387-NWTS

TS No.: 7777.17202
Notice of Default and Election to Sell Under Deed of Trust

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That the undersigned is either the original Trustee, the duly appointed substituted trustee or acting as agent for the trustee or beneficiary under a Deed of Trust dated 05/11/04, executed by **Hugo Chavarria, a single man**, as Trustor(s), to secure certain obligations in favor of **Mortgage Electronic Registration Systems, Inc. solely as nominee for Metrocities Mortgage, LLC**, as Beneficiary, recorded 05/14/04, as Book No. , Page No. , and Instrument No. **04 1224084**, of Official Records in the Office of the Recorder of **Los Angeles** County, California, describing land therein **as more fully described in said Deed of Trust. 3004-029-026**

Said obligations including (1) NOTE(S) FOR THE ORIGINAL sum of **$245,600.00**, that the beneficial interest under such Deed of trust and the obligation secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**The monthly installment of principal and interest which became due on 07/01/11, and all subsequent installments, together with late charges as set forth in said Note and Deed of Trust, advances, assessments and attorney fees. Nothing in this notice shall be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms of the loan documents**

**A copy of CA Civil Code Section §2923.5(b) declaration is attached hereto and incorporated herein by reference.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 11/11/11     **Northwest Trustee Services, Inc.,**
**As Agent For Beneficiary**

By: _Jody Barren_
     Jody Barren

## THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

# NOTICE OF DEFAULT DECLARATION
## PURSUANT TO CALIFORNIA CIVIL CODE 2923.5

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715
7777 17702
Borrower: HUGO CHAVARRIA
Co Borrower:
Property Address: 1555 BENGAL COURT
PALMDALE, CA 93551

The undersigned mortgagee, beneficiary, or their authorized agent (collectively, the "Beneficiary") represent and declares that the requirements of CA Civil Code 2923.5 have been met. This Declaration is required for any residential owner occupied property in which the loan was originated between January 1, 2003 and December 31, 2007. Non-owner occupied and vacant properties are exempt from the requirements of CA Civil Code 2923.5.

The requirement indicated by "X" was met by the Beneficiary:

__ The Beneficiary has made contact with the borrower pursuant to CA Civil Code 2923(a)(2). Contact with the borrower was made in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

X Due Diligence to contact the borrower was exercised pursuant to CA Civil Code 2923.5(g)(2) by the Beneficiary.

__ The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, Trustee, beneficiary, or authorized agent pursuant to CA Civil Code 2923.5(h)(1).

__ The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to CA Civil Code 2923.5(h)(2).

__ The borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to CA Civil Code 2923.5(h)(3).

__ An Exemption as identified in 2923.5 (h) & (i) applies: The loan did not originate between January 1, 2003 and December 31, 2007 or the property is deemed Non-owner occupied or vacant.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11-1-11

Wells Fargo Bank, N.A.
Yolanda L. Piper
VP of Loan Documentation

EXHIBIT G NOTICE OF TRUSTEE'S SALE DOC. NO. 20120248536
02/14/2012

29
Hugo Chavarria
Complaint

This page is part of your document - DO NOT DISCARD

# 20120248536





**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

## 02/14/12 AT 08:00AM

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



201202140150018

00005375420

003800281

**SEQ:**
**23**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

135

2



02/14/2012

*20120248536*

Recording requested by:

When recorded mail to:
NORTHWEST TRUSTEE SERVICES, INC.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705

Space above this line for recorder's use only

File No. 7777.17202          Title Order No. 110518717          MIN No. 100034200001902208
APN 3004-029-026

# NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/11/04. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in §5102 to the Financial code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

Trustor(s): **Hugo Chavarria, a single man**
Recorded: **05/14/04**, as Instrument No. **04 1224084**, of Official Records of **Los Angeles** County, California.
Date of Sale:     **03/07/12 at 1:00 PM**
Place of Sale: **At the Pomona Valley Masonic Temple Building, located at 395 South Thomas Street,, Pomona, CA**
The purported property address is: **1555 BENGAL COURT,  PALMDALE, CA 93551**
Assessors Parcel No. **3004-029-026**
The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$284,229.71.**
If the sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the deposit paid, plus interest.  The purchaser shall have no further recourse against the beneficiary, the Trustor or the trustee.

Date: February 13, 2012                    NORTHWEST TRUSTEE SERVICES, INC., as Trustee

                              Melissa Myers, Authorized Signatory
                              1241 E. Dyer Road, Suite 250, Santa Ana, CA 92705

Sale Info website: www.USA-Foreclosure.com or www.Auction.com
Automated Sales Line: 714-277-4845 or 800-280-2832
Reinstatement and Pay-Off Requests:  (866) 387-NWTS

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

23A

EXHIBIT H NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
DEED OF TRUST DOC. NO. 20130396659 03/15/2013.

30

Hugo Chavarria

Complaint

 

This page is part of your document - DO NOT DISCARD



## 20130396659



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/15/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |





**L E A D S H E E T**



201303150150010

00007399220



004719472

**SEQ:**
**14**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T35



Recording requested by:

When recorded mail to:
NORTHWEST TRUSTEE SERVICES, INC.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705

APN 3004-029-026

03/15/2013
*20130396659*

File No. 7777.17202
Property:1555 BENGAL COURTPALMDALECA

Title Order No. 110518717
MIN No. 100034200001902208

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.

You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is **$30,773.33** as of 03/14/13, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2004-6**
**C/O Northwest Trustee Services, Inc.**
**1241 E. Dyer Road, Suite 250 Santa Ana, CA 92705**
**Telephone (714) 277-4888**
**Reinstatement and Pay-Off Request Line (866) 387-NWTS**

**TS No.: 7777.17202**
**Notice of Default and Election to Sell Under Deed of Trust**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original Trustee, the duly appointed substituted trustee or acting as agent for the trustee or beneficiary under a Deed of Trust dated **05/11/04**, executed by **Hugo Chavarria, a single man,** as Trustor(s), to secure certain obligations in favor of **Mortgage Electronic Registration Systems, Inc. solely as nominee for Metrocities Mortgage, LLC,** as Beneficiary, recorded 05/14/04, as Book No. , Page No. , and Instrument No. **04 1224084,** of Official Records in the Office of the Recorder of **Los Angeles** County, California, describing land therein **as more fully described in said Deed of Trust. 3004-029-026**

Said obligations including (1) NOTE(S) FOR THE ORIGINAL sum of **$245,600.00;** that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**The monthly installment of principal and interest which became due on 01/01/12, and all subsequent installments, together with late charges as set forth in said Note and Deed of Trust, advances, assessments and attorney fees. Nothing in this notice shall be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms of the loan documents**

**A copy of CA Civil Code Section §2923.55 declaration is attached hereto and incorporated herein by reference.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 03/14/13        Northwest Trustee Services, Inc., as Trustee

By: _____
                                         Bosten Striegel

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this notice does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

# DECLARATION OF COMPLIANCE

*(California Civil Code Section 2923.55(c))*

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower(s): HUGO CHAVARRIA

Property Address: 1555 BENGAL COURT
PALMDALE CA 93551

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☒ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wells Fargo Bank, N.A.

By: _____
Name: _____
Sean C Lindsay
Title: _____
VP of Loan Documentation
Date: _____
03/12/2013

053_CA_V3

1

2  EXHIBIT I RESCISSION OF NOTICE OF DEFAULT AND ELECTION TO

3  SELL UNDER DEED OF TRUST. DOC. NO. 20130411518 03/19/2013

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

Hugo Chavarria

Complaint




**This page is part of your document - DO NOT DISCARD**



# 20130411518



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/19/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |





**L E A D S H E E T**



201303190150054

**00007416135**



004727246

**SEQ:**
**20**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



t35



03/19/2013

*20130411518*

Recording requested by:

When recorded mail to:
**Northwest Trustee Services, Inc.**
**1241 E. Dyer Road, Suite 250**
**Santa Ana, CA 92705**

Space above this line for recorder's use only

| | | |
|---|---|---|
| TS No. 7777.17202 | Title No.110518717 | MIN No.100034200001902208 |
| APN 3004-029-026 | Situs: 1555 BENGAL COURT, | Situs City: PALMDALE |

## Rescission of Notice of Default and Election To Sell Under Deed of Trust

**NOTICE IS HEREBY GIVEN:** That Northwest Trustee Services, Inc. is duly appointed Trustee under the Deed of Trust executed by Hugo Chavarria, a single man as Trustor, in which Mortgage Electronic Registration Systems, Inc. solely as nominee for Metrocities Mortgage, LLC is named as Beneficiary and Fidelity National Loan Portfolio Solutions, a California Corporation as Trustee and recorded 05/14/04 as Instrument No.04 1224084, of Official Records of Los Angeles County, California; describing land therein as: As more fully described in the above referenced deed of trust.

Said obligations including one note for the sum of $245,600.00

Whereas, the present Beneficiary under that certain Deed of Trust hereinabove described, hereto delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas, Notice was heretofore given of breach of obligations for which said Deed of Trust is security and of election to cause to be sold the property therein described; and Whereas, a Notice of Default was recorded on the day in the book and page set forth below:

Notice was recorded on 11/15/2011 in the office of the Recorder of Los Angeles, California, as Instrument No.11-1543256, book , page of Official Records.

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that the present Beneficiary, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Breach and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default-past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall no way jeopardize or impair any right.

Remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

Dated: 03/15/13     **Northwest Trustee Services, Inc. as Agent for the Beneficiary**

Nicole Larson, Authorized Signatory

EXHIBIT J NOTICE OF TRUSTEE'S SALE DOC. NO. 20130898070.
06/17/2013

32
Hugo Chavarria
Complaint



**This page is part of your document - DO NOT DISCARD**



# 20130898070



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/17/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201306170190012

00007873617


004937854

**SEQ:
01**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

t35

06/17/2013

*20130898070*

2

Recording requested by:

When recorded mail to:
**NORTHWEST TRUSTEE SERVICES, INC.**
**1241 E. Dyer Road, Suite 250**
**Santa Ana, CA 92705**

Space above this line for recorder's use only

File No. 7777.17202          Title Order No. 110518717     MIN No. 100034200001902208
APN 3004-029-026

# NOTICE OF TRUSTEE'S SALE

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/11/04. UNLESS YOU TAKE ACTION TO
PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF
THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**
A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check
drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or
savings association, or savings bank specified in §5102 to the Financial code and authorized to do business in
this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty,
expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed
of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other
common designation, if any, shown herein.

Trustor(s): **Hugo Chavarria, a single man**
Recorded: **05/14/04**, as Instrument No. **04 1224084**,of Official Records of **Los Angeles** County, California.
Date of Sale:   **07/11/13 at 1:00 PM**
Place of Sale: **At the Pomona Valley Masonic Temple Building, located at 395 South Thomas Street,,
Pomona, CA**
The purported property address is: **1555 BENGAL COURT, PALMDALE, CA 93551**
Assessors Parcel No. **3004-029-026**
The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable
estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$295,119.68.**
If the sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the deposit
paid, plus interest. The purchaser shall have no further recourse against the beneficiary, the Trustor or the
trustee.

3

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 877-484-9942 or 800-280-2832 or visit this Internet Web site www.USA-Foreclosure.com or www.Auction.com using the file number assigned to this case 7777.17202. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date:  June 14, 2013

**NORTHWEST TRUSTEE SERVICES, INC., as Trustee**

Melissa Myers, Authorized Signatory
1241 E. Dyer Road, Suite 250, Santa Ana, CA 92705
866-387-6987

Sale Info website: www.USA-Foreclosure.com or www.Auction.com
Automated Sales Line: 877-484-9942 or 800-280-2832
Reinstatement and Pay-Off Requests:  866-387-NWTS

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

2

EXHIBIT K NOTICE TRUSTEE'S SALE DOC. NO. 20140710444. 07/10/2014

33

Hugo Chavarria

Complaint

 

**This page is part of your document - DO NOT DISCARD**



## 20140710444



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/10/14 AT 08:00AM**

| | |
|---|---:|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |





**L E A D S H E E T**



201407102880007

**00009379811**





006282914

**SEQ:**
**01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E12

Recording requested by:

When recorded mail to:
**NORTHWEST TRUSTEE SERVICES, INC.**
**1241 E. Dyer Road, Suite 250**
**Santa Ana, CA  92705**

---

Space above this line for recorder's use only

| File No. 7777.17202 | Title Order No. 110518717 | MIN No. 100034200001902208 |
|---|---|---|
| APN 3004-029-026 | | |

# NOTICE OF TRUSTEE'S SALE

<u>ATTENTION RECORDER</u>: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/11/04.  UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.**
A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank,
check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan
association, or savings association, or savings bank specified in §5102 to the Financial code and
authorized to do business in this state, will be held by duly appointed trustee.  The sale will be made, but
without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
satisfy the obligation secured by said Deed of Trust.  The undersigned Trustee disclaims any liability for
any incorrectness of the property address or other common designation, if any, shown herein.

Trustor(s): **Hugo Chavarria, a single man**
Recorded: **05/14/04**, as Instrument No. **04  1224084**,of Official Records of **Los Angeles** County,
California.
Date of Sale:    **08/01/14 at 1:00 PM**
Place of Sale: **In the main dining room of the Pomona Masonic Temple, located at 395 South
Thomas Street, Pomona, CA**
The purported property address is: **1555 BENGAL COURT,  PALMDALE, CA 93551**
Assessors Parcel No. **3004-029-026**
The total amount of the unpaid balance of the obligation secured by the property to be sold and
reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of
Sale is **$306,792.85.**
If the sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the
deposit paid, plus interest.  The purchaser shall have no further recourse against the beneficiary, the
Trustor or the trustee.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 877-484-9942 or 800-280-2832 or visit this Internet Web site www.USA-Foreclosure.com or www.Auction.com using the file number assigned to this case 7777.17202. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: July 8, 2014

NORTHWEST TRUSTEE SERVICES, INC., as Trustee

Melissa Myers, Authorized Signatory
1241 E. Dyer Road, Suite 250, Santa Ana, CA 92705
866-387-6987

Sale Info website: www.USA-Foreclosure.com or www.Auction.com
Automated Sales Line: 877-484-9942 or 800-280-2832
Reinstatement and Pay-Off Requests: 866-387-NWTS

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself [X] ) | DEFENDANTS ( Check box if you are representing yourself [ ] ) |
|---|---|
| Hugo Chavarria (661) 309-0907<br>1555 Bengal Court<br>Palmdale, CA 93551 | WELLS FARGO BANK, N.A., d/b/a AMERICA'S SERVICING COMPANY, a National Bank Association et al. |

| (b) County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Hugo Chavarria (661) 309-0907<br>1555 Bengal Court<br>Palmdale, CA 93551 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1331 U.S Constitution IV, VII, XIV Securities/law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [X] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY:** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: CV15-03403 |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?**  If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?**  If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

| | | |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 2 of 3 |

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _Hugo Chavarria_   DATE: _5-5-15_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |