JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER GRANTING MOTION TO DISMISS [10] AND DISMISSING MOTION TO FOR MORE DEFINITE STATEMENT [7]

### I.     INTRODUCTION

Defendants Wells Fargo Bank, N.A.; The Bank of New York Mellon; and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") jointly move to dismiss Plaintiff Hugo Chavarria's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Dkt. No. 10.)  In support of Defendants' motion to dismiss, Defendants filed a request for judicial notice.  (Dkt. No. 11.)  Also pending before the Court is Defendant Northwest Trustee Services' ("Northwest") motion for a more definite statement.  (Dkt. No. 7.)

After consideration of the papers filed in support of and in opposition to the instant motion, as well as arguments made by the parties at the hearing held on August 11, 2015, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss, as Plaintiff's claims are barred by the doctrine of claim preclusion.  The Court dismisses Plaintiff's action with prejudice as to Defendants Northwest and First American Loanstar Trustee Services ("Loanstar") for the same reason.  The Court thus **DISMISSES** as moot Northwest's motion for a more definite statement.

### II.     REQUEST FOR JUDICIAL NOTICE

In connection with the instant motion, the Defendants have filed a request for judicial notice.  (Dkt. No. 11.)  When considering a motion to dismiss, a court normally

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs. Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly consider documents physically attached to the complaint or incorporated into it by express reference, and matters subject to judicial notice. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007). A court is "permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001)).

A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b). Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

In connection with their motion to dismiss under Rule 12(b)(6), Defendants ask the Court to consider several court filings and official records of the Los Angeles County Recorder's Office. (Dkt. No. 11.) Plaintiff opposes Defendants' request because he claims that, at least with respect to documents relating to title of the subject property, the documents are fraudulent. (Dkt. No. 15 (Resp. to Order to Show Cause re: Failure to Oppose) at ¶ 11.) Defendants request that the Court take judicial notice of the May 11, 2004 Deed of Trust, the January 23, 2009 Deed of Trust, the October 4, 2011 Deed of Trust, the January 2, 2009 Substitution of Trustee, the October 31, 2011 Substitution of Trustee, the December 2, 2008 Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default"), the March 14, 2013 Notice of Default, the July 8, 2014 Notice of Trustee's Sale, and the May 8, 2015 Trustee's Deed Upon Sale. (Req. for Judicial Notice (hereinafter, "RJN") ¶¶ 1–8, 15.) Each of these documents is a public record on file with the Los Angeles Recorder's Office, (*id.*), and Plaintiff referenced some of the documents as exhibits to be judicially noticed in connection with his complaint. (Compl., Exs. G, J, K.) *See Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-03403 BRO (ASx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | **HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL** | | |

1047, 1057 (C.D. Cal. 2012) (granting request for judicial notice of documents recorded in the Official Records of the Los Angeles County Recorder's Office). Defendants also ask the Court to take judicial notice of court filings filed in the United States Bankruptcy Court, as well as in the United States District Court for the Central District of California. (RJN ¶¶ 9–14.) *See also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that judicial notice of court filings is proper). The Court thus grants Defendants' request and takes judicial notice of these documents. *Lee*, 250 F.3d at 688–89 (9th Cir. 2001) ("[U]nder Fed.R.Evid. 201, a court may take judicial notice of matters of public record.") (internal citations and quotations omitted). Accordingly, the Court **GRANTS** Defendants' request and hereby takes judicial notice of these filings.

### III. FACTUAL AND PROCEDURAL BACKGROUND

In April 2004, Plaintiff received a Grant Deed entitling him to real property located at 1555 Bengal Court, Palmdale, CA 93551 (the "property"). (Compl.[1] ¶ 17.) On or about May 12, 2004, Plaintiff obtained a loan in the principle amount of $245,600 from Metrocities Mortgage, LLC. (Compl. ¶ 1; *see also* Compl., Ex. B; RJN, Ex. 1.) Defendant Wells Fargo serviced the loan, and the beneficial interest was subsequently assigned to Defendant The Bank of New York. (RJN, Exs. 2–3.) Defendant Loanstar first became the substituted trustee under the deed of trust, and Defendant Northwest later became the substituted trustee. (RJN, Exs. 4–5.) In 2006, the California Department of Corporations revoked Defendant Metrocities Mortgage's Lenders License. (Compl., Ex. D.)

A notice of default was recorded against the property on December 4, 2008. (RJN, Ex. 6.) Plaintiff contends that this notice was executed in bad faith. (Compl. ¶ 22, Ex. E.) A second notice of default was recorded on March 15, 2013. (Compl., Ex. F; *see also* RJN, Ex. 7.) At least three notices of trustee's sale were recorded, the most recent of which was recorded on July 10, 2014. (Compl., Exs. G, J, K; *see also* RJN, Ex. 8.)

On August 1, 2013, Plaintiff filed a complaint against all five of the Defendants that are Defendants in the instant action, as well as three additional defendants not named

---

[1] Any citations to the Complaint refer to the complaint filed in the instant action, unless otherwise noted. (*See* Dkt. No. 1.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-03403 BRO (ASx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | **HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL** | | |

here.  (RJN, Ex. 12 (complaint from *Hugo Chavarria v. Wells Fargo Bank, N.A.*, Case No. 2:13-cv-5568-DSF-MAN (C.D. Cal.)); *compare* RJN, Ex. 12 *with* Compl.)  That complaint alleged nine causes of action, and ultimately requested a declaration that the title of the subject property be vested in Plaintiff.  (RJN, Ex. 12.) The causes of action included alleged violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g); (2) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (3) the Securities and Exchange Act of 1934, 15 U.S.C. § 77k; (4) laundering of money instruments and engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. §§ 1956–57; (5) Structuring transactions to evade reporting requirement, 31 U.S.C. § 5324; (6) returns relating to cash received in trade or business, 26 U.S.C. § 6050I; (7) Fraudulent Foreclosure, Cal. Civ. Code §§ 2923.5 *et seq.*, 2932.5, 2924 *et seq.*, 2934a, 1095, 1812.600; (8) Cal. Bus. & Prof.and Prof. Code §§ 17200 *et seq.*, 17500 *et seq.*; and (9) Quiet Title, Cal. Civ. Proc. Code §§ 405.5, 405.21, 760.030, 760.040, 760.050, 761.010.  (RJN, Ex. 12.)  Plaintiff requested judicial notice of nine exhibits referenced in his complaint.  (*Id.*)

Defendants filed a motion to dismiss that action pursuant to Rule 12(b)(6) on September 17, 2013.  (RJN, Ex. 13.)  Plaintiff did not file an opposition to Defendants' motion.  (Id.)  The District Court for the Central District of California dismissed Plaintiff's lawsuit with prejudice.  (RJN, Exs. 13–14.)  The court entered judgment in favor of Defendants on October 11, 2013.  (RJN, Ex. 14.)

The property ultimately sold at a trustee's sale.  (RJN, Ex. 15.)  Paladar Capital Investments, LP purchased the property, and a trustee's deed upon sale was recorded on March 19, 2015.  (RJN, Ex. 15.)

On May 6, 2015, Plaintiff filed the instant lawsuit requesting a declaration that the title of the subject property be vested in the name of Plaintiff.  (Compl. ¶¶ 37–38.)  The causes of action in the present complaint include allegations that Defendants violated: (1) the Fourth, Seventh, and Fourteenth Amendments of the United States Constitution; (2) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a–d); (3) Passing Counterfeit Obligations, 18 U.S.C. § 472; (4) Uttering or Publishing False Writing, 18 U.S.C. § 495; (5) Securities and Commodities Fraud, 18 U.S.C. § 1348; (6) Breach of Trust, Deed of Trust; (7) Frauds and Swindles, Wire Fraud, 18 U.S.C. §§ 1341–42; (8) Fraudulent Foreclosure, Slander of Title, Cal. Civ. Code §§ 2923.5 *et seq.*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

2932.5, 2936, 2924(a)(1)(A), 2934a(a)(4), 1095, 1812.600; (9) Quiet Title, Cal. Civ. Proc. Code §§ 405.5, 405.21, 760.030, 760.040, 760.050, 761.010; and (10) Injunctive and Declaratory Relief. (*See generally* Compl.) Plaintiff requested judicial notice of eleven exhibits referenced in his complaint. (*Id.*)

Defendants filed a motion to dismiss Plaintiff's complaint on June 10, 2015, along with a request that this Court judicially notice various documents. (Dkt. Nos. 10–11.) Plaintiff failed to timely file his opposition; the Court filed an Order to Show Cause on July 9, 2015, regarding Plaintiff's failure to oppose Defendants' motion. (Dkt. No. 12.) Plaintiff responded to the Court's Order on July 21, 2015. (Dkt. No. 15.)

## IV.    LEGAL STANDARD

### A.    Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) must be read in conjunction with Rule 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A court may dismiss an action based on an affirmative defense such as claim preclusion if that defense raises no disputed issues of fact. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### B. Claim and Issue Preclusion

Claim preclusion and issue preclusion define the preclusive effect of a judgment. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim and issue preclusion protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). Under the doctrine of claim preclusion, sometimes referred to as "res judicata," a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) (stating that claim preclusion "bars any subsequent suit on claims that were raised or could have been raised in a prior action"). Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire*, 532 U.S. at 748–49).

Claim preclusion applies if there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) (internal quotation marks omitted). Similarly, issue preclusion applies to prevent a party from litigating an issue adjudicated in an earlier proceeding where:

> (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-03403 BRO (ASx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | **HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL** | | |

*Granite Rock Co. v. Int'l Broth. Of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO)*, 649 F.3d 1067, 1070 (9th Cir. 2011) (citing *Reyn's Pasta*, 442 F.3d at 746).

## V. DISCUSSION

The doctrine of claim preclusion bars Plaintiff's complaint in its entirety because: (1) the claims presented in his present complaint were necessarily decided or could have been raised in the previous district court proceeding; (2) the previous district court proceeding ended with a final judgment; and (3) Plaintiff, the party against whom preclusion is asserted here, was also the Plaintiff in the first proceeding.

### A. The Claims Alleged in Both Lawsuits Arise Out of the Same Transactional Nucleus of Facts—that Defendants Lacked Authority to Foreclose on the Subject Property

Claim preclusion may apply where the "two claims arose out of the same transaction." *Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The Ninth Circuit has "often held the common nucleus criterion [whether the two suits arise out of the same transactional nucleus of facts] to be outcome determinative under the first res judicata element" where the "criterion controls and assures the two suits involve the same claim or cause of action." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) (citing *Int'l Union*, 994 F.2d at 1429–30).

Plaintiff seeks to relitigate his claim that Defendants lacked authority to foreclose on the subject property. (*Compare* RJN, Ex. 12 at ¶¶ 13, 17 *with* Compl. ¶¶ 23, 37.) In fact, some of Plaintiff's causes of action are copied directly from his previous complaint.[2]

---

[2] Plaintiff alleges in both complaints that Defendants engaged in Fraudulent Foreclosure under various California Civil Code provisions and requests Quiet Title pursuant to California's Code of Civil Procedure. (*Compare* RJN, Ex. 12 at ¶¶ 8, 11–13, 15 *with* Compl. ¶¶ 22, 23, 26–28, 30.) Moreover, when comparing Plaintiff's previously-filed complaint to the instant complaint, Plaintiff adds a single

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

All of the claims asserted in Plaintiff's current lawsuit could have been brought in his previous action where they arise out of the same "nucleus of facts."[3] "If a party could avoid issue preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined." *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011). The Court therefore does not allow Plaintiff to file a new lawsuit alleging different causes of action that are based on the same core set of facts regarding foreclosure of the subject property.

> **B.    The District Court Filed a Final Judgment With Prejudice in the Prior Action Against Plaintiff**

Although a "final judgment on the merits" is required before a court may dismiss a case based on issue or claim preclusion, the Ninth Circuit has clarified that "[t]here can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (noting that the Restatement has abandoned the "on the merits" terminology). "Even

---

factual allegation: the July 10, 2014 notice of sale of the property. (*See* Compl. ¶ 31.) This was not the first notice of sale, however, and Plaintiff accounted for the previous two notices in Plaintiff's initial complaint. (*See* RJN, Ex. 12 at ¶ 15.)

[3] The Court notes that even if claim preclusion did not prevent Plaintiff from filing this second case against Defendants, Plaintiff's allegations that Defendants violate the Fourth and Fourteenth Amendments, as well as criminal causes of action, fail to state a claim. The Fourth and Fourteenth Amendments protect individuals against unlawful state action. *See Burdeau v. McDowell*, 256 U.S. 465, 475 (1921); *see also Shelly v. Kraemer*, 334 U.S. 1, 13 (1948). As Plaintiff fails to allege any state action, he has no standing to bring those claims.

To the extent that Plaintiff attempts to criminally prosecute Defendants, he has no authority to do so. "[P]laintiffs cannot proceed under criminal statutes that provide no basis for civil liability." *Bendorf v. Ojai Basin Groundwater Mgmt. Agency*, No. CV 11-3877-DSF SP, 2012 WL 3867352, at *12 (C.D. Cal. July 16, 2012); *see also Colen v. United States*, No. EDCV071359RSWLRNB, 2008 WL 2051697, at *14 (C.D. Cal. May 12, 2008) (noting "that this deficiency is not capable of being cured by amendment"). Sections 473, 495, 1341, and 1348 of Title 18 are federal criminal statutes that do not provide for civil causes of action. Plaintiff is not authorized to bring these claims. *Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-03403 BRO (ASx) | Date | August 11, 2015 |
|---|---|---|---|
| Title | HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL | | |

without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 593 (9th Cir. 1985).

Plaintiff had the opportunity to oppose Defendants' motion to dismiss the previous lawsuit, but failed to do so. (RJN, Ex. 13.) A district court judge terminated Plaintiff's previous proceeding by dismissing Plaintiff's complaint with prejudice on October 2, 2013. (RJN, Exs. 13–14.) Because the order was entered with prejudice, Plaintiff could have appealed the judge's decision. But Plaintiff did not appeal. At the hearing on this matter, Mr. Chavarria offered nothing to explain why he did not file anything in front of the previous district judge or why he did not appeal her final decision.

Instead, Plaintiff filed a complaint on May 6, 2015, based on the same set of facts. (*See* Dkt. No. 1.) "The application of res judicata in this situation may appear to be harsh, but it is not unfair." *Marin*, 769 F.2d at 593. Nothing in Plaintiff's opposition to Defendants' motion to dismiss suggests why such application would be unfair here. *Cf. Crowe v. Director, Office of Workers' Compensation Programs*, 226 F.3d 609, 613 (7th Cir. 2000) (opining that it would be "unfair and improper" to hold that procedural denial of the initial claim precluded plaintiff's later claim where plaintiff filed claims without the benefit of counsel, and where plaintiff's failure to provide requested information leading to the denial of the initial claim was due to confusion caused by the social security office and his lack of educational capacity to comprehend the letters due to his illiteracy).

### C. The Identity of Parties are the Same Between the Two Lawsuits

"A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor*, 553 U.S. at 892. Plaintiff filed his original complaint in the United States District Court in the Central District of California on August 1, 2013. (*See* RJN, Ex. 12.) The same plaintiff, Hugo Chavarria, filed the complaint in the instant action on May 6, 2015. (*See* Compl.) Moreover, all five of the Defendants were among the defendants listed in the previous lawsuit. (*Compare* RJN, Ex. 12 *with* Compl.) Plaintiff already had an opportunity to litigate against these Defendants regarding the same set of facts, but he failed to oppose Defendants' motion to dismiss in the previous action. (RJN, Ex. 13.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-03403 BRO (ASx)** | Date | August 11, 2015 |
|---|---|---|---|
| Title | **HUGO CHAVARRIA V. WELLS FARGO BANK, N.A., ET AL** | | |

## VI.   CONCLUSION

All three elements of claim preclusion are met in this case; Plaintiff's current action is thus barred in its entirety.  The Court **GRANTS** Defendants' motion to dismiss without leave to amend.  Plaintiff's entire action is dismissed with prejudice as to all Defendants[4] listed in the complaint.

At the hearing, the Court referenced the Federal *Pro Se* Clinic, which may assist Plaintiff, a *pro se*.  The Federal *Pro Se* Clinic in Los Angeles is located at:

The United States Courthouse
312 N. Spring Street, Room G-19, Main Street Floor
Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270.  Plaintiff is encouraged to check the Clinic's website or call for available hours.

**IT IS SO ORDERED.**

:

Initials of Preparer         rf

---

[4] Although Defendant Loanstar has failed to appear in this action, and Defendant Northwest filed a separate motion for a more definite statement without joining the remaining Defendants' motion to dismiss, sua sponte dismissal of the claims against these defendants is appropriate here.  *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."); *see Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008).